IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PATSY PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-cv-00520-MDH |
| ) | |
| MARTIN O'MALLEY, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of her application for disability insurance benefits. Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. After carefully reviewing the record, the Court reverses and remands the ALJ's determination for further proceedings.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits on May 28, 2020. The ALJ issued an unfavorable decision on July 14, 2022. The ALJ determined that Plaintiff suffered from the following severe impairments: degenerative joint disease in the right shoulder, degenerative disc disease of the cervical spine, degenerative disease of the lumbar spine, and COPD. The ALJ held that Plaintiff had the following RFC:

> to perform medium work with frequent overhead reaching on the left; frequent overhead reaching overhead on the right; frequent climbing of ramps/stairs; occasional climbing of ladders/ropes/scaffolds; frequent balancing, stooping, kneeling, and crouching; occasional crawling; and no concentrated exposure to humidity, wetness, dust, odors, fumes, pulmonary irritants, and extreme cold.

The ALJ found that Plaintiff could perform her past work as a hostler. The ALJ rejected the VE's testimony that Plaintiff could also perform her past work as a driver because it was not consistent

1

with the information provided in the DOT. The ALJ also found alternatively, at step five of the sequential evaluation process, that Plaintiff could perform unskilled, medium work as a laundry worker and as a groundskeeper. The ALJ rejected the VE's testimony that Plaintiff could also perform alternative work as a kitchen helper because it was not consistent with the information provided in the DOT. Plaintiff argues the ALJ's Step Four finding is flawed and that the agency failed to meet its burden at Step Five. For the reasons set forth herein, this Court agrees.

## STANDARD

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g). "The phrase 'substantial evidence' is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is 'more than a mere scintilla.'" *Id.* at 1154. "It means - and means only - 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*

Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a

different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

## DISCUSSION

The ALJ found that Plaintiff could perform her past medium, semi-skilled work as a hostler but rejected the VE's testimony that Plaintiff could perform her past work as a driver. The ALJ specifically found that Plaintiff was restricted to only *occasional* climbing of ladders, ropes, and scaffolds in the RFC. However, the DOT description of a hostler, which the ALJ found Plaintiff could perform, requires *frequent* climbing of ladders, ropes, and scaffolds, which exceeds Plaintiff's RFC. Plaintiff argues this renders the ALJ's step four finding legally flawed, requiring remand for further consideration of Plaintiff's ability to perform her past work as a hostler. This Court agrees and finds the case should be remanded for further consideration.

Plaintiff also argues that the ALJ step five finding is flawed and requires reversal and remand. It is the Agency's burden at step five of the sequential evaluation process to provide evidence that demonstrates that other work exists in significant numbers in the national economy that Plaintiff could perform. Citing 20 C.F.R. § 404.1560(c)(2). At step five the ALJ found that Plaintiff could perform alternative unskilled, medium work as a laundry worker and as a groundskeeper. However, the ALJ rejected the VE testimony that Plaintiff could perform alternative work as a kitchen helper because the DOT's actual description of this occupation is inconsistent with the ALJ's RFC.

Plaintiff argues the VE's errors identified by the ALJ at both steps four and five call into question the totality of the VE's testimony. The ALJ rejected some of the VE's testimony because

3

of inconsistent DOT descriptions with the RFC but then accepted others that were also inconsistent. For example, Plaintiff's past work as a hostler, that was accepted by the ALJ, was inconsistent with the job descriptions in the DOT. In addition, the occupation of a laundry worker identified by the VE requires being exposed to occasional wetness and humidity (up to one third of a work day) that is not consistent with the RFC that limited Plaintiff to avoiding concentrated exposure to humidity and wetness.

Finally, at step five, the ALJ accepted groundskeeper as an occupation, however the DOT describes it as having frequent exposure to weather and occasional other environmental conditions. Again, the ALJ's RFC limits Plaintiff from concentrated exposure to extreme cold, pulmonary irritants, and other factors such as dust, odors, and fumes. The Court also agrees that the occupations alternatively found by the ALJ at step five are in conflict with the DOT's description.

A review of the record reflects that the DOT descriptions are inconsistent with the ALJ's RFC and the ALJ's rejection of certain jobs identified by the VE while accepting others is inconsistent with the record before the Court. As a result, the Court finds remand is required for further consideration of the RFC and DOT job descriptions.

## CONCLUSION

Wherefore, for the reasons stated herein, the Court finds the Commissioner's decision is not supported by substantial evidence in the record as a whole. Therefore, the Commissioner's denial of benefits is hereby **REVERSED** and **REMANDED**.

**IT IS SO ORDERED**.
Dated: September 20, 2024            */s/ Douglas Harpool*
                                     **DOUGLAS HARPOOL**
                                     **UNITED STATES DISTRICT JUDGE**